NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0883n.06
Filed: December 27, 2007

No. 07-3215

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHERYL SEXSTELLA-WRIGHT, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| SANDUSKY CITY SCHOOL DISTRICT | ) | **O P I N I O N** |
| BOARD OF EDUCATION, ET AL., | ) | |
| | ) | |
| *Defendants-Appellees*. | ) | |

BEFORE: DAUGHTREY, COLE, Circuit Judges; and COLLIER, District Judge.[*]

PER CURIAM. Plaintiff-Appellant, Cheryl Sexstella-Wright, a former principal at Mills Elementary School in Sandusky, Ohio, appeals the district court's grant of summary judgment to Defendants-Appellees, William Pahl, Superintendent of the Sandusky School District, John Kasyzonyi, Assistant Superintendent of the Sandusky School District, and the Sandusky City School District Board of Education ("Board"), on her claims of discrimination under Title VII. Specifically, Sexstella-Wright argues that, when Defendant-Appellees decided against renewing her employment contract for the position of principal, they (1) discriminated against her on the basis of her gender and her association with a member of a protected class, namely her African-American husband, and

---

[*] The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

(2) retaliated against her for her protected activity of filing a discrimination charge with the federal Equal Employment Opportunity Commission and the Ohio Civil Rights Commission. The district court granted summary judgment to Defendants-Appellees on all claims.

On appeal, Sexstella-Wright urges us to reverse the district court's grant of summary judgment to Defendants-Appellees and requests that we find that the district court abused its discretion when it addressed the merits of her state-law claims, while disposing of her federal-law claims on summary judgment.

We review a district court's grant of a motion for summary judgment under a de novo standard. *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 893 (6th Cir. 2006). A moving party is entitled to a grant of its motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The burden is initially upon the moving party to show that there does not remain in dispute any genuine issue of material fact. *General Motors Corp. v. Lanard Toys Inc.*, 468 F.3d 405, 412 (6th Cir. 2006). Once the moving party supports its burden of production, the opposing party must go beyond the contents of its pleadings to set forth specific facts indicating the existence of a genuine issue to be litigated. Fed. R. Civ. P. 56(e); *see also Natl. Solid Wastes Mgmt. Ass'n v. Voinovich*, 959 F.2d 590, 592 (6th Cir. 1992).

Applying this de novo standard, we believe that the district court, in its comprehensive opinion, has clearly articulated the persuasive reasoning that supports the judgment in favor of the

Defendants-Appellees on Sexstella-Wright's Title VII claim. Therefore, the issuance of a detailed written opinion by us would be unduly duplicative. The judgment rendered by the Honorable Christopher A. Boyko with respect to Sexstella-Wright's Title VII claim is accordingly affirmed on the basis of the reasoning contained in his opinion and order dated December 6, 2006.

We do, however, write briefly to address the district court's treatment of Sexstella-Wright's state-law claims under Ohio Revised Code ("ORC") §§ 4112.02 and 4112.99, providing a cause of action and remedies for unlawful discriminatory practices. Sexstella-Wright asserts that the district court abused its discretion when it reached the merits of her state-law claim rather than dismissing it without prejudice. She contends that, since the district court dismissed her federal-law claims by way of summary judgment prior to trial, the proper course of action would have been to dismiss her state-law claim too and permit her to re-file it in state court.

In any civil action in which the district court has original jurisdiction, it also possesses "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims form part of the same case or controversy when they "derive from a common nucleus of operative facts." *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (quoting *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 454-55 (6th Cir. 1996)).

When a district court exercises supplemental jurisdiction over a party's state-law claims, we review such a decision under an abuse-of-discretion standard. *Harper*, 392 F.3d at 209. An abuse of discretion arises when we possess a "definite and firm conviction that the trial court committed

a clear error of judgment." *Harlamert v. World Finer Foods, Inc.*, 489 F.3d 767, 773 (6th Cir. 2007).

Pursuant to abuse-of-discretion review, we will not reverse unless we find the district court draws

"clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard."

*Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (internal citation omitted).

As Sexstella-Wright rightly argues, it is ordinarily prudent for a district court that dismisses

a plaintiff's federal-law claims to decline to reach the plaintiff's state-law claims. *See* 28 U.S.C. §

1367(c)(3); *Moon*, 465 F.3d at 728. We have, however, recognized a general exception to this

guideline in cases where the exercise of a district court's residual jurisdiction fosters the ends of

"judicial economy and the avoidance of multiplicity of litigation" over the concern with federal

courts "needlessly deciding state law issues." *Id*. (quoting *Aschinger v. Columbus Showcase Co.*,

934 F.2d 1402, 1412 (6th Cir. 1991)).

In the instant case, the district court did not abuse its discretion when it reached the state-law

claims, as Sexstella-Wright has not demonstrated any erroneous fact-finding, wrongful selection of

the governing legal standard, or improper application of Ohio law. *See id*.  Prior to analyzing her

state-law claims, the district court acknowledged that it was "reluctant to address this as a properly

plead claim."  (JA 44.) Nevertheless, the court chose to exercise its supplemental jurisdiction

because it believed that the issue "ha[d] already been determined in *State ex. rel. Edward D. Jones

v. Sandusky City Schools, et al.*, No. E-05-041 2006 WL 146210 (Ohio App. 6 Dist. January 20,

2006)."  (*Id*.)  The *Jones* case concerned a white male principal in the same municipality whose

contract was also not renewed at the same time that Defendants-Appellants chose not to renew

Sexstella-Wright's own contract.  Strictly applying the Ohio court's holding from *Jones*, the district

court found that Sexstella-Wright's claim necessarily failed because she had not requested a writ of mandamus, which the Ohio court expressly characterized in *Jones* as the "appropriate procedural vehicle for a school administrator to seek reemployment, damages and back pay for the nonrenewal of his or her employment contract." (*Id*.)

In drawing on the Ohio court's holding from *Jones* to dispose of Sexstella-Wright's § 3319.02 claim on procedural grounds—namely her failure to request a writ of mandamus, the district court did not unnecessarily opine on a complex area of Ohio law. Rather, it applied clearly established state law regarding proper pleading procedures for a § 3319.02 claim to the facts at hand. *See Province v. Cleveland Press Pub. Co.*, 787 F.2d 1047, 1055 n.11 (6th Cir. 1986) (explaining that the district court acted within its discretion when it reached the state-law claims because "it was not called upon to interpret some abstruse Ohio legal doctrine").

If the district court had instead dismissed Sexstella-Wright's state-law claim, the *Jones* case makes sufficiently apparent that an Ohio state court would have likewise dismissed her § 3319.02 claim for failure to request a writ of mandamus. Given this clear outcome, a dismissal without prejudice would merely have served to prolong litigation and consume unnecessary judicial resources. As such, the district court's actions promoted judicial economy and were far from an abuse of discretion. Accordingly, we also AFFIRM the district court's dismissal of Sexstella-Wright's state-law claim.